No. 2395.—THE SOUTHERN DRY DOCK COMPANY *v.* STEAMSHIP WM.
TABOR AND OWNERS.

The burden falls on the defendant who sets up a claim in reconvention in damages caused
by the plaintiff, who has failed to fulfill his contract within the time specified, of showing
that he caused him, the plaintiff, to be put in default.

APPEAL from the Seventh District Court, parish of Orleans. *Col-
lens,* J. *B. Egan,* for plaintiff and appellee. *J. Ad. Rozier* and
*Randolph, Singleton & Browne,* for defendants and appellants.

TALIAFERRO, J. This suit is brought by the plaintiff for charges
against the steamship William Tabor, incurred for docking the vessel
and for labor and materials furnished in making repairs upon her.

The defendants plead the general denial, and allege that on or about
the fifteenth of March, 1866, they entered into an agreement with
plaintiff to take said vessel into their dry dock in order to dock and
repair her; that plaintiffs did commence the repairs on the fifteenth of
March, but in consequence of the insufficiency of the dock and want
of skill in those having the management of it, the defendants were
compelled to wait eighty-one days for the repairs the plaintiffs had
agreed to make, the dock having given way and caused delay in
repairing it. The defendants on this ground set up a claim for $12,150
in reconvention as damages sustained by them from being deprived of
the use of their vessel.

The plaintiff had judgment for $5017 46, with interest, and the
defendants appealed.

We think the defendants have failed to establish the making of such
a contract as they allege in their answer. They do not seem to have
set up objections to the correctness of the bill furnished, and it appears
to be established by the evidence. The testimony of the plaintiff is
to the effect that the captain of the ship applied to have her docked,
and asked for nothing more; that the docking of a vessel is considered
a contract of itself, the purpose of docking being in part to ascertain
the nature and extent of the work necessary to be done, and until this
is ascertained, no contract can properly be entered into regarding
repairs. In some instances it happens that no repairs are made.
From the nature of the business the contract for repairs is a separate
contract from that of docking. The delay complained of seems to
have been submitted to without objection. There does not appear to
have been a contract by which the plaintiffs were bound to perform
any given quantity of work within any specified time, and there seems
to have been no putting them in default by a demand on the part of
the defendants to finish the work.

The case was referred, unnecessarily, we think, to experts, and the
amount of testimony taken without any satisfactory result makes up a

very large and confused record. The report of the experts we think irrelevant. They disagreed in their estimates, and the umpire awarded the plaintiffs about $3000. An exception was filed to the introduction of the reports of the several experts on numerous grounds, which it is unnecessary to examine. 1 An. 332.

We think the judgment of the lower court does justice between the parties, and it is therefore ordered, adjudged and decreed that the same be affirmed with costs

Rehearing refused.